## Voorhies, Appellant, v. The Denver Hardware Company, Appellee.

1. Garnishment.

A garnishee is not chargeable unless the defendant could recover that which plaintiff seeks to secure by garnishment.

2. Same.

The statute in relation to attachments in justice's court limits the liability of a garnishee to debts, property, or other thing in action, for which he would be liable to the defendant.

*Appeal from the County Court of Arapahoe County.*

Messrs. Wolcott & Vaile and Mr. Henry F. May, for appellant.

Mr. Edwin H. Park, for appellee.

Thomson, J., delivered the opinion of the court.

The Denver Hardware Company sued J. C. Regan before a justice of the peace upon a claim held by it against him. Affidavit and bond in attachment were filed in the suit, and a summons in garnishment issued, directed to "J. H. P. Voorhies, agent for the Boston Building Company, garnishee," and served upon him. Voorhies answered the garnishment, stating that he was not indebted to Regan in any manner, and that he had not in his possession, or under his control, any property, effects, goods, chattels, rights, credits, or choses in action of Regan, or in which he was interested. This answer was traversed. The case went by appeal to the county court. Upon the trial there, Roessel, the collector of the Hardware Company, testified substantially as follows: Before the suit against Regan was commenced, he had a conversation with Voorhies, in the course of which Voorhies told him that he was agent for the Boston Building Company; that Regan had a paving contract with the Building Company,

upon which there would be $690 due to him when the work should be completed and accepted; and that the money would be paid through him, Voorhies. In answer to an inquiry by Roessel, he said that the party to be garnished was himself, as agent of the Boston Building Company. Voorhies was not present at the trial, but it was agreed that, if present, he would testify that there was then $71 in his hands as agent of the trustees of the Boston Building, upon the contract; that at the time Roessel came to him he told him that there was no such organization as the Boston Building Company, and that the building was in the hands of three trustees who were the proper parties to proceed against. Roessel denied that Voorhies stated that there was no Boston Building Company. The Hardware Company had judgment against Voorhies for $71.00.

There are two objections to this judgment, either of which, without the other, would be fatal.

First. It is not shown that any money ever became due to Regan on his contract. The only evidence concerning that contract is contained in the statements of Voorhies to Roessel, and from them it appears that no money was payable to Regan until his contract was completed, and the work accepted. There is no evidence to show, and none from which it could be inferred, that the contract was ever completed, or the work accepted.

Second. Our statute in relation to attachments in justices' courts limits the liability of a garnishee to debts, property, or things in action, for which he would otherwise be liable to the defendant. General Statutes, § 2008.

It is clear that upon the facts of this case Regan could have maintained no action against Voorhies personally. He was merely an agent. The contract was between his principals and Regan. He was the medium through which payment was to be made by them to Regan, and was subject to no personal responsibility in the matter, except to his principals for the faithful discharge of his duties as agent.

For the foregoing reasons, the judgment must be reversed.

*Reversed.*